UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FORTE BIOSCIENCES, INC., a Delaware corporation,<br><br>          Plaintiff,<br>     v.<br><br>CAMAC FUND, LP, a Delaware limited partnership; CAMAC PARTNERS, LLC, a Delaware limited liability company; CAMAC CAPITAL, LLC, a Delaware limited liability company; ERIC SHAHINIAN; MICHAEL G. HACKE; CHRIS MCINTYRE; MCINTYRE PARTNERSHIPS, LP, a Delaware limited partnership; MCINTYRE CAPITAL GP, LLC, a Delaware limited liability company; MCINTYRE CAPITAL MANAGEMENT, LP, a Delaware limited partnership; MCINTYRE CAPITAL MANAGEMENT GP, LLC, a Delaware limited liability company; ATG FUND II LLC, a Delaware limited liability company; ATG CAPITAL MANAGEMENT, LLC, a Delaware limited liability company; GABRIEL GLIKSBERG; FUNICULAR FUNDS, LP, a Delaware limited partnership; THE FUNICULAR FUND, LP, a Delaware limited partnership; CABLE CAR CAPITAL LLC, a California limited liability company; JACOB MA-WEAVER; BML INVESTMENT PARTNERS, L.P., a Delaware limited partnership; BML CAPITAL MANAGEMENT, LLC, an Indiana limited liability company; and BRADEN M. LEONARD,<br><br>          Defendants, | Case No. 23-cv-02399-DCG<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S MOTION FOR RELIEF FROM PSLRA DISCOVERY STAY AND SPEEDY HEARING ON DECLARATORY JUDGMENT ACT CLAIM**

Plaintiff, Forte Biosciences, Inc. ("Forte") respectfully submits this Motion for Relief from

the PSLRA Discovery Stay and Speedy Hearing on Declaratory Judgment Act Claim and Brief in

Support Thereof against defendants Camac Fund, LP; Camac Partners, LLC; Camac Capital, LLC;

Eric Shahinian (collectively, "Camac"); Michael G. Hacke ("Hacke"); Chris McIntyre; McIntyre

Partnerships, LP; McIntyre Capital GP, LLC; McIntyre Capital Management, LP; McIntyre Capital Management GP, LLC (collectively, "McIntyre"); ATG Fund II LLC; ATG Capital Management, LLC; Gabriel Gliksberg (collectively, "ATG"); Funicular Funds, LP; The Funicular Fund, LP; Cable Car Capital LLC; Jacob Ma-Weaver (collectively, "Funicular"); BML Investment Partners, L.P.; BML Capital Management, LLC; and Braden M. Leonard (collectively, "BML" and collectively along with the other defendants herein, the "Defendants").

**TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................................. 5

II.  ARGUMENT & AUTHORITIES ....................................................................................... 8

   A.   Forte's Proposed Discovery is Sufficiently Particularized and Narrowly Tailored Because Each Request Seeks Materials from a Limited Number of Individuals, for a Limited Time Frame, and Relating Directly to One or More Counts in Forte's Amended Complaint. .......... 10

   B.   Forte has a Legitimate Purpose in Seeking the Requested Discovery Because the Facts Sought by the Narrow Requests are Uniquely within Defendants' Knowledge and Constitute Information that Forte is Entitled to by Law. ............................................................................. 11

   C.   Forte's Discovery Requests are Not Overly Burdensome Because they are Sufficiently Particularized and Limited in Scope and Time Frame. ............................................................... 14

   D.   A Speedy Hearing and Expedited Discovery is Warranted Because Stockholders are Entitled to Information on Defendants' Wolfpack Group Before the Upcoming Stockholder Meeting. ....................................................................................................................................... 15

III. CONCLUSION ................................................................................................................... 16

## **TABLE OF AUTHORITIES**

15 U.S.C. § 78p(b) .............................................................................................................. passim
15 U.S.C. § 78u-4(b)(3)(B) ............................................................................................................ 5
28 U.S.C. § 2201 ................................................................................................................. passim
*Alaska Laborers Emps. Ret. Fund v. Mays Clear Channel Commc'ns, Inc.*, No. SA-07-CA-0042-RF, 2007 WL 9710527 (W.D. Tex. Feb. 14, 2007) .................................................................. 9
*Ashford Hosp. Prime Inc. v. Sessa Cap. (Master) LP*, No. 3:16-CV-00527-N, 2017 WL 2955366 (N.D. Tex. Feb. 17, 2017) ........................................................................................................ 13
*Ashford Hosp. Tr., Inc. v. Cygnus Cap., Inc.*, No. 3:21-CV-00125-M, 2021 WL 3631142 (N.D. Tex. Feb. 18, 2021) ............................................................................................................. 10, 12
*Beacon Constr. Co. v. Matco Elec. Co.*, 521 F.2d 392 (2d Cir. 1975) .......................................... 15
*Garanti Finansal Kiralama A.S. v. Aqua Marine & Trading Inc.*, 697 F.3d 59 (2d. Cir. 2012).. 15
*In re Cassava Scis., Inc. Sec. Litig.*, No. 1:21-CV-00751-DAE, 2023 WL 28436 (W.D. Tex. Jan. 2, 2023) ..................................................................................................................................... 8
*In re Firstenergy Corp. Sec. Litig.*, 229 F.R.D. 541 (N.D. Ohio 2004) ....................................... 14
*In re LaBranche Sec. Litig.*, 333 F. Supp. 2d 178 (S.D.N.Y. 2004) ............................................ 12
*In re Royal Ahold N.V. Sec. & Erisa Litig.*, 319 F. Supp. 2d 634, 635 (D. Md. 2004) .................. 9
*In re WorldCom, Inc. Sec. Litig.*, 234 F.Supp.2d 301 (S.D.N.Y.2002) ....................................... 12
*Malon v. Franklin Fin. Corp.*, No. 14–671, 2014 WL 5795730 (E.D.Va. Nov. 6, 2014) ............ 12
*Mark Newby, et al., v. Enron Corp., et al.*, No. (), 2002 WL 32152005 (S.D. Tex. Jan. 23, 2002) ................................................................................................................................................. 10
*Ryan v. Walton*, No. CIV.A. 10-145 RMC, 2010 WL 3785660 (D.D.C. Mar. 9, 2010) .............. 12
*Tex. Pac. Land Tr. v. Oliver*, No. 3:19-CV-1224-B, 2019 WL 3387767 (N.D. Tex. July 26, 2019) ................................................................................................................................................. 11
*Texas Pac. Land Tr. v. Oliver*, No. 3:19-CV-1224-B, 2019 WL 3387767 (N.D. Tex. July 26, 2019) ......................................................................................................................................... 9
*Tri Cnty. Wholesale Distribs., Inc. v. Labatt USA Operating Co.*, No. 2:13-CV-317, 2013 WL 12180497 (S.D. Ohio Apr. 22, 2013) ....................................................................................... 11

## I. INTRODUCTION

Forte filed its Original Complaint against Defendants on October 28, 2023, and Defendants filed their Motion to Dismiss Plaintiff's Complaint on January 16, 2024. Forte then amended its complaint and filed its First Amended Complaint on February 6, 2024. As discussed at length in Forte's First Amended Complaint (ECF No. 21)[1] Forte brings this action against Defendants to hold them accountable at law, in equity, and through declaratory relief, for materially false and misleading securities filings and other blatant violations of the federal securities laws. In cases where, as here, the plaintiff alleges federal securities claims under the Securities and Exchange Act of 1934, "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, ***unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party***." Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(b)(3)(B) (emphasis added). For the reasons set forth below, Forte asks the Court to partially lift the discovery stay provided by the PSLRA and permit Forte to take narrowly tailored discovery on an expedited basis because particularized discovery is necessary in this case to both preserve evidence and prevent undue prejudice to Forte. Forte also asks the Court to order an expedited hearing on Forte's Declaratory Judgment Act claim brought under 28 U.S.C. § 2201 pursuant to Federal Rule of Civil Procedure 57.

First, Forte seeks a partial lifting of the PSLRA discovery stay to conduct limited, targeted discovery of documents and communications that demonstrate the full scope of the relationship between all Defendants. The Defendants formed a group under the securities laws and failed to disclose the full existence and nature of that group as required by law. Second, Forte seeks an

---

[1] Capitalized terms not otherwise defined herein shall have the same meaning as defined in Forte's Amended Complaint.

accounting of all short swing profits and requests the trading records for all shares purchased or sold during the relevant time frame so Forte can fully account for short swing profits and the Court can disgorge those profits as required under the strict liability standards pursuant to 15 U.S.C. § 78p(b). Here, narrow, particularized, expedited discovery on these two issues is required to both prevent undue prejudice to Forte and preserve evidence that is at a high risk of being lost or destroyed. Further, Forte's Amended Complaint seeks a Declaratory Judgment, pursuant to 28 U.S.C. § 2201, declaring that Defendants formed a group subject to reporting under the securities laws and that Defendants failed to comply with the laws that apply to such a group.

As discussed at length in Forte's Amended Complaint, Defendant Camac Fund, LP is an admitted opportunistic activist fund that has a history of targeting companies, acquiring stock, and then pressuring the company to liquidate or undertake other drastic value-destroying actions to secure a quick return on the fund's "investment" in the target company. Camac's strategy involves banding together with other activist funds in a "Wolfpack" to then encircle and overwhelm a public company by buying stock and engaging in a coordinated effort to force the company to distribute cash, liquidate, or engage in some other action that solely benefits the Wolfpack at the expense of the Company and its long-term stakeholders.

This is exactly what Camac and the other Defendants are conspiring to do in this case. Collectively, the Defendant coconspirators beneficially owned between 20.9% and 37.8% of Forte's outstanding shares at various times during the relevant time period. Between May 24, 2022 and August 9, 2022, these coconspirators filed, for the first time, Schedule 13Ds all conveniently mimicking each other about a dissatisfaction with leadership. They also immediately, collectively began pushing for a return of capital to "long suffering" shareholders. However, none of the Wolfpack shareholders can be considered "long suffering" shareholders by any stretch of the

imagination. In reality, they had only recently become Forte investors. Indeed, all members of the Wolfpack invested in Forte *after* Forte announced its efforts to pivot from developing one biotherapeutic, FB-401, to another, FB-102, and announced it held significant cash and cash equivalents on its books. In reality, this was a coordinated attack on Forte meant to raid the cash Forte would need to make progress toward bringing FB-102 to market to the great benefit of Forte's stakeholders and patients suffering from graft versus host disease ("GvHD"), alopecia areata, and vitiligo.

Camac and the other Defendants failed to timely disclose the existence and full size of the Wolfpack, and to this day have still not disclosed the full extent of the Wolfpack and its coordinated campaign against Forte. The other Wolfpack members include ATG, McIntyre, Funicular Funds, and BML—and could possibly include others. The final number of members and how deeply this conspiracy runs are facts uniquely within the custody and control of the Defendants. This is exactly what Forte's targeted discovery requests aim to uncover and, without obtaining this information as soon as possible, Forte risks being vulnerable to another coordinated attack from this same Wolfpack without having all the necessary information to adequately defend itself. Defendants have already commenced a multi-prong attack on Forte and Camac is currently engaged in an effort to overturn the recent board election through a meritless lawsuit in Delaware. On August 10, 2023, Camac filed litigation in the Delaware Court of Chancery seeking, in connection with Forte's then-upcoming annual meeting "or in any subsequent director election contest," to enjoin counting the votes of the institutional investors that participated in a 2023 Private Placement. And on October 20, 2023, Camac filed an amended complaint in that litigation seeking explicitly to enjoin those shares "from voting in any director election at the 2024 annual meeting." Thus, through that Delaware lawsuit, Camac seeks to interfere with Forte's 2024

election, as it seeks an order to divest other investors' rights to vote. Forte also fully expects Defendants to launch another proxy attack in 2024. The Delaware action shows how determined Defendants are to divest significant shareholders of their right to vote and how they are actively engaged in a blatant effort to direct votes against the best interests of all Forte stakeholders with the goal of lining their own pockets with Forte's cash and destroying the company to the detriment of all other stakeholders.

Forte respectfully moves the Court to partially lift the PSLRA discovery stay and permit limited discovery regarding the structure and relationships of the Defendants and other third parties, fleshing out the full scope of the group they formed under the securities laws. They failed to disclose the existence of that group, and are engaging in a coordinated effort to divest significant shareholders of their right to vote and to direct votes against the best interests of the Company, and the discovery sought in this motion, which is uniquely within the possession of Defendants, is necessary in this case for Forte to fully vindicate its rights and protect itself. Forte also asks that the Court allow Forte to obtain limited discovery on all short swing profits and requests including, among other things, the trading records for all shares purchased or sold during the relevant time frame. To that end, Forte asks the Court to permit Forte to serve nine (9) narrowly tailored requests for production, attached hereto as **Exhibit A**, and take depositions of individual Defendants Eric Shahinian, Michael G. Hacke, Chris McIntyre, Gabriel Gliksberg, and Jacob Ma-Weaver.

## II.   ARGUMENT & AUTHORITIES

Where federal securities claims are alleged under the Securities and Exchange Act of 1934, "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, ***unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party***." 15 U.S.C. § 78u-4(b)(3)(B) (emphasis added). To meet the standard for partially lifting the PSLRA discovery stay, movants

must prove either that the requested discovery is needed to (1) preserve evidence or (2) prevent undue prejudice. 15 U.S.C. § 78u-4(b)(3)(B); *In re Cassava Scis., Inc. Sec. Litig.*, No. 1:21-CV-00751-DAE, 2023 WL 28436, at *2 (W.D. Tex. Jan. 2, 2023). The requested discovery is needed to accomplish both aims in this case.

First, pursuant to Forte's Declaratory Judgment Act claim brought under 28 U.S.C. § 2201, Forte seeks a lift of the PSLRA discovery stay to conduct limited, targeted discovery of documents and communications that will uncover the full organization and relationship between Defendants. This includes further demonstrating that all Defendants are currently acting collectively as a group and concealing the existence of that group in blatant violation of the federal securities laws. Second, Forte seeks an accounting of all short swing profits and requests the trading records for all shares purchased or sold during the relevant time frame so that Forte can fully account for short swing profits and a disgorgement under the strict liability standard pursuant to 15 U.S.C. § 78p(b). Here, narrow, particularized, expedited discovery on these two issues is required to both prevent undue prejudice to Forte and preserve evidence.

"While the PSLRA does not define 'undue prejudice,' district courts in this Circuit have construed the 'undue prejudice' standard as 'improper or unfair treatment amounting to something less than irreparable harm.'" *Texas Pac. Land Tr. v. Oliver*, No. 3:19-CV-1224-B, 2019 WL 3387767, at *4 (N.D. Tex. July 26, 2019); *Alaska Laborers Emps. Ret. Fund v. Mays Clear Channel Commc'ns, Inc.*, No. SA-07-CA-0042-RF, 2007 WL 9710527, at *4 (W.D. Tex. Feb. 14, 2007) (same). A delay in the production of narrow, specific documents and deposition testimony requested by Forte would undoubtedly cause undue prejudice to the plaintiff's ability to litigate and resolve their claims as expeditiously as possible. *See In re Royal Ahold N.V. Sec. & Erisa Litig.*, 319 F. Supp. 2d 634, 635 (D. Md. 2004). Determining the exact character and aggregate

ownership of this group is necessary to resolve the claims brought by Forte in the Amended Complaint. Indeed, Forte is seeking expedited declaratory relief under 28 U.S.C. § 2201 that Defendants formed a group subject to reporting under the securities laws and that they failed to comply with the laws that apply to such a group. Lifting the PSLRA discovery stay to permit this limited discovery is necessary to understand the full extent of this group to prevent undue prejudice to Forte and its shareholders, especially as Forte prepares for its annual meeting this year.

### A. Forte's Proposed Discovery is Sufficiently Particularized and Narrowly Tailored Because Each Request Seeks Materials from a Limited Number of Individuals, for a Limited Time Frame, and Relating Directly to One or More Counts in Forte's Amended Complaint.

Forte has proposed targeted discovery that does not impose an undue burden on the Defendants and is reasonable under the circumstances, including by limiting this proposed discovery to nine (9) requests for document production and up to only 5 depositions, of individual Defendants Eric Shahinian, Michael G. Hacke, Chris McIntyre, Gabriel Gliksberg, and Jacob Ma-Weaver. It is critical that Forte be permitted to take depositions of Defendants and their managing personnel to develop the necessary factual record in support of its Declaratory Judgment Act claim brought under 28 U.S.C. § 2201 that Defendants secretly formed a Section 13(d) group, and recovery of short swing profits pursuant to 15 U.S.C. § 78p(b). Similarly, Forte's document requests are narrowly tailored towards obtaining evidentiary support for these claims, including that its document requests seek materials from a limited number of individuals from a limited timeframe relating to Defendants' formation of a Section 13(d) group, their failure to disclose their group status on a Schedule 13D or in their proxy solicitation/board nomination materials, and their evasion of disclosure requirements. *See Ashford Hosp. Tr., Inc. v. Cygnus Cap., Inc.*, No. 3:21-CV-00125-M, 2021 WL 3631142 (N.D. Tex. Feb. 18, 2021) (granting Plaintiff's motion for expedited discovery and partial lift of PSLRA discovery stay to allow Plaintiff to conduct

depositions and serve similar limited discovery requests into whether Defendants secretly formed a Section 13(d) group and "[b]ecause each of Plaintiff's Requests relates directly to one or more of the Counts asserted in the Amended Complaint, the Requests are sufficiently particularized despite requesting 'all' documents and communications."); *see also Mark Newby, et al., v. Enron Corp., et al.*, No. H-01-3624, 2002 WL 32152005 (S.D. Tex. Jan. 23, 2002) (lifting PSLRA discovery stay to allow Plaintiffs' counsel to conduct depositions of certain individuals).

### B. Forte has a Legitimate Purpose in Seeking the Requested Discovery Because the Facts Sought by the Narrow Requests are Uniquely within Defendants' Knowledge and Constitute Information that Forte is Entitled to by Law.

Forte alleges that Defendants formed a stockholder group within the meaning of Section 13(d) of the Exchange Act, failed to disclose the existence of that group in violations of Sections 13(d) and 14(a) of the Exchange Act and Rules 13d-1, 13d-101, 13d-5, and 14a-9, and failed to provide material information—including with respect to the group's very existence, its status and its plans and proposals for Forte. Defendants have unique knowledge regarding the relevant facts, including as to their own relationships, conversations, communications, plans, stock transactions, solicitations, and other activities. A lift of the PSLRA discovery stay to allow for this particularized discovery would help level the playing field and permit Forte to learn about Defendants' actions and plans firsthand. *See, e.g., Tri Cnty. Wholesale Distribs., Inc. v. Labatt USA Operating Co.*, No. 2:13-CV-317, 2013 WL 12180497, at *2 (S.D. Ohio Apr. 22, 2013) ("Because such facts are uniquely within Defendant's knowledge, the Court finds expedited discovery appropriate in this case."); *see also Tex. Pac. Land Tr. v. Oliver*, No. 3:19-CV-1224-B, 2019 WL 3387767 (N.D. Tex. July 26, 2019) (granting Plaintiff's motion to partially lift the PSLRA discovery stay with respect to certain particularized requests for production and proposed depositions regarding issues such as (1) 'communications between or among the dissident group and shareholders, persons attending the May 22, 2019 meeting, and others'; (2) 'discovery relating to Defendants' candidacy and

conflicts of interest'; and (3) 'limited third-party discovery requests for both Plaintiffs and Counter-Plaintiffs.'").

Forte's narrow discovery requests are designed to provide the information necessary to understand the full extent and reach of this Wolfpack group. This information is also needed to ensure that all required information is properly disclosed to shareholders so that shareholders have all the facts they need – and are entitled to by law – to understand their investment and the true scope of opposition to certain corporate activity at Forte. *See Ashford*, 2021 WL 3631142, at \*5 (holding "that discovery should be allowed in order to prevent undue prejudice to Plaintiff" given that Plaintiff's annual stockholder meeting was coming up and therefore "Plaintiff will be unduly prejudiced if expedited discovery is not allowed."); *Nichting v. DPL Inc.*, Case No. 3:11-CV-141, 2011 WL 2892945, at \*4 (S.D. Ohio July 15, 2011) (allowing expedited discovery because plaintiff may suffer irreparable injury if a stockholder's voting decision is based on inadequate information); *Ryan v. Walton*, No. CIV.A. 10-145 RMC, 2010 WL 3785660 (D.D.C. Mar. 9, 2010) (lifting the PSLRA discovery stay where Plaintiff showed that the prejudice they will suffer is the "irreparable harm on March 26, 2010, when shareholders are scheduled to vote on the proposed transaction at issue . . . . Without the information discussed above, shareholders cannot make a fully informed decision whether to vote in favor of Ares' acquisition of Allied."); *Malon v. Franklin Fin. Corp.*, No. 14–671, 2014 WL 5795730, at \*2–\*3 (E.D.Va. Nov. 6, 2014) ("Given the imminent shareholder vote on the Proposed Transaction and Plaintiff's anticipated motion for a preliminary injunction, the Court finds that Plaintiff will suffer not only undue prejudice, but irreparable harm if the PSLRA stay is not lifted.").[2]

---

[2] *See also In re WorldCom, Inc. Sec. Litig.*, 234 F.Supp.2d 301, 305-306 (S.D.N.Y. 2002) (lifting PSLRA stay where the plaintiffs made a showing that requested documents had been produced to multiple government agencies in response to several investigations, and as the only parties that did not have the documents, plaintiffs would have been put at a disadvantage for purposes of litigation and settlement negotiations); *In re LaBranche Sec. Litig.*, 333 F.

Defendants have shown time and again their determination to act in coordination to destroy the company and line their own pockets to the detriment of Forte's stakeholders and patients suffering from GvHD, alopecia areata, and vitiligo who would greatly benefit from Forte's long-term success. Defendants did not invest in Forte because they hoped for a long-term return in the event FB-102 proved successful. Rather, from the time Defendants invested in Forte, they publicly and privately agitated for the Board to liquidate the Company and distribute any remaining cash to stockholders. Defendants' coordinated conduct is causing, and will continue to cause, prejudice and harm to Forte by driving down Forte's stock price and putting all of Forte's stakeholders in a vulnerable position. *See Ashford Hosp. Prime Inc. v. Sessa Cap. (Master) LP*, No. 3:16-CV-00527-N, 2017 WL 2955366 (N.D. Tex. Feb. 17, 2017) (where Plaintiff moved this Court to compel discovery of documents and communications to identify Defendants' investors and information related to their proxy campaign and buying of Ashford securities, holding that, even though the Court's order disposed of the motion to dismiss ending the discovery stay, "[t]he Court further finds that the requested information is relevant and proportional to the needs of the case particularly considering the importance of discovery in resolving the issues at stake in the litigation, and considering that the benefit of this discovery greatly outweighs the burden or expense of disclosure.").

Lifting the PSLRA discovery stay to allow for the limited discovery requested by Forte is also necessary to preserve evidence because, upon information and belief, Defendants' group exists, it is pervasive and it is already taking actions to hide the extent of what the group truly is, who is a part of it, and what its activities are. The sort of evidence that these discovery requests

---

Supp. 2d 178 (S.D.N.Y. 2004) (lifting PSLRA discovery stay due to allegations of securities fraud involving illegal trades on the floor of the New York Stock Exchange and a determination that the plaintiffs would suffer undue prejudice if the stay remained in place because the SEC and NYSE were investigating the same schemes alleged by the plaintiffs).

are targeted to obtain – communications such as emails, text messages, etc. – are easily concealed and destroyed and Forte has compelling reasons to fear that it will lose the opportunity to obtain the information necessary to understand the full extent of the Wolfpack's structure.

### C. Forte's Discovery Requests are Not Overly Burdensome Because they are Sufficiently Particularized and Limited in Scope and Time Frame.

Forte's proposed discovery is sufficiently particularized to address the issues that it has raised in its request for declaratory relief under 28 U.S.C. § 2201 and recovery of short swing profits under 15 U.S.C. § 78p(b).[3] To minimize the burden on Defendants, Forte has limited this proposed discovery to nine (9) narrowly tailored requests for document production, covering a limited timeframe, and up to 5 depositions, of individual Defendants Eric Shahinian, Michael G. Hacke, Chris McIntyre, Gabriel Gliksberg, and Jacob Ma-Weaver. Forte expects that the duration of the depositions will be limited to seven hours each, in compliance with Fed. R Civ. P. 30(d)(1), and would be willing to make reasonable accommodations for the convenience of Defendants' counsel, including utilizing web-based videoconferencing software, as the circumstances may dictate.

In light of these circumstances, Forte has established that "particularized discovery is necessary to preserve evidence or to prevent undue prejudice to [Forte]." 15 U.S.C. § 78u-4(b)(3)(B). Therefore, Forte asks the Court to partially lift the discovery stay provided by the PSLRA and permit Forte to serve nine (9) requests for production substantially similar to those attached to this Motion as **Exhibit A**, and to take up to 5 depositions. In light of the improper and unfair treatment posed to Forte and its stockholders by Defendants' unlawful Wolfpack activity,

---

[3] *See In re Firstenergy Corp. Sec. Litig.*, 229 F.R.D. 541 (N.D. Ohio 2004) (holding that partial lifting of PSLRA discovery stay was warranted and not unduly burdensome because the documents had already been gathered and disclosed to government agencies); *Pension Tr. Fund for Operating Engineers v. Assisted Living Concepts, Inc.*, 943 F. Supp. 2d 913 (E.D. Wis. 2013) (holding that lifting of PSLRA stay was warranted and not unduly burdensome for documents: (1) documents disclosed by the defendants to the SEC pursuant to a subpoena and (2) documents disclosed in discovery in separate adversarial proceedings).

Forte respectfully submits that the scope of this discovery is reasonable, sufficiently particularized, and necessary to prevent undue prejudice to Forte. This discovery is also necessary to preserve evidence that has a high risk of being destroyed or lost during the discovery stay.

### D. A Speedy Hearing and Expedited Discovery is Warranted Because Stockholders are Entitled to Information on Defendants' Wolfpack Group Before the Upcoming Stockholder Meeting.

Federal Rule of Civil Procedure 57 provides, in pertinent part:

> The procedure for obtaining a declaratory judgment pursuant to Title 28, U.S.C., § 2201, shall be in accordance with these rules.... The existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate. The court may order a speedy hearing of an action for a declaratory judgment and may advance it on the calendar.

According to the Advisory Committee Notes, "[a] declaratory judgment is appropriate when it will 'terminate' the controversy giving rise on undisputed or relatively undisputed facts. [I]t operates frequently as a summary proceeding, justifying docketing the case for early hearing as on a motion." Fed. R. Civ. P. 57, advisory committee notes, 1937 adoption. "The statute 'meets a real need,' which is 'to afford a speedy and inexpensive method of adjudicating legal disputes without invoking the coercive remedies of the old procedure, and to settle legal rights and remove uncertainty and insecurity from legal relationships without awaiting a violation of the rights or a disturbance of the relationships.'" *Garanti Finansal Kiralama A.S. v. Aqua Marine & Trading Inc.*, 697 F.3d 59, 66 (2d. Cir. 2012) (citing and quoting *Beacon Constr. Co. v. Matco Elec. Co.*, 521 F.2d 392, 397 (2d Cir. 1975)).

Forte seeks a declaration, pursuant to 28 U.S.C. § 2201, that Defendants formed a group subject to reporting under the securities laws and that Defendants failed to comply with the laws that apply to such a group. The facts concerning the formation of this Wolfpack group are largely documentary in nature and, once Plaintiff is permitted to conduct limited discovery into the documents and communications necessary to uncover the makeup of this group, will not be subject

to factual dispute. Further, determination of the full extent and reach of this Wolfpack group is urgent because of the upcoming stockholder meeting and, without a declaration that Defendants formed a group subject to reporting under the securities laws, stockholders are without information they are entitled to by law to fully understand their investment and the scope of opposition to certain corporate activity at Forte. Therefore, Forte respectfully requests the Court to order an expedited hearing on Forte's declaratory judgment act claim pursuant to Federal Rule of Civil Procedure 57.

### III.   CONCLUSION

Forte respectfully requests that the Court lift the PSLRA discovery stay with respect to discovery necessary to develop the necessary factual record in support its Declaratory Judgment Act claim brought under 28 U.S.C. § 2201 and recovery of short swing profits pursuant to 15 U.S.C. § 78p(b) and allow Forte to serve nine (9) requests for production on Defendants and take 5 depositions. Further, Forte asks the Court to order an expedited hearing on Forte's Declaratory Judgment Act claim brought under 28 U.S.C. § 2201 pursuant to Federal Rule of Civil Procedure 57.

Dated: February 15, 2024

/s/ *Michael W. Stockham*
Stephen C. Rasch
stephen.rasch@hklaw.com
Texas State Bar No. 16551420
Michael W. Stockham
michael.stockham@hklaw.com
Texas State Bar No. 24038074
**HOLLAND & KNIGHT LLP**
One Arts Plaza
1722 Routh Street Suite 1500
Dallas, TX 75201
Telephone: (212) 969-1700

**ATTORNEYS FOR PLAINTIFF
FORTE BIOSCIENCES, INC.**

## CERTIFICATE OF CONFERENCE

I hereby certify that on February 14, 2024 counsel for Plaintiff conferred with counsel for Defendants regarding the relief requested in this Motion. Defendants are opposed to the relief sought herein.

/s/ *Michael W. Stockham*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on February 15, 2024.

/s/ *Michael W. Stockham*