UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FORTE BIOSCIENCES, INC., a Delaware corporation, | )<br>)<br>)<br>) |
| Plaintiff, | ) |
| v. | ) Case No. 3:23-cv-02399-DCG |
| CAMAC FUND, LP, a Delaware limited partnership; CAMAC PARTNERS, LLC, a Delaware limited liability company; CAMAC CAPITAL, LLC, a Delaware limited liability company; ERIC SHAHINIAN; MICHAEL G. HACKE; CHRIS MCINTYRE; MCINTYRE PARTNERSHIPS, LP, a Delaware limited partnership; MCINTYRE CAPITAL GP, LLC, a Delaware limited liability company; MCINTYRE CAPITAL MANAGEMENT, LP, a Delaware limited partnership; MCINTYRE CAPITAL MANAGEMENT GP, LLC, a Delaware limited liability company; ATG FUND II LLC, a Delaware limited liability company; ATG CAPITAL MANAGEMENT, LLC, a Delaware limited liability company; GABRIEL GLIKSBERG; FUNICULAR FUNDS, LP, a Delaware limited partnership; THE FUNICULAR FUND, LP, a Delaware limited partnership; CABLE CAR CAPITAL LLC, a California limited liability company; JACOB MA-WEAVER; BML INVESTMENT PARTNERS, L.P., a Delaware limited partnership; BML CAPITAL MANAGEMENT, LLC, an Indiana limited liability company; and BRADEN M. LEONARD, | )<br>)<br>)<br>) **JURY TRIAL DEMANDED** |
| Defendants, | ) |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR RELIEF FROM
PSLRA DISCOVERY STAY AND SPEEDY HEARING ON DECLARATORY JUDGMENT ACT CLAIM**

**TABLE OF CONTENTS**

I.    INTRODUCTION……………………………………………………………....…………1

II.   ARGUMENT & AUTHORITIES…………………………………………………………...2

      A.    Determining the character and aggregate ownership of Defendants is necessary to understand the full extent of the Wolfpack to prevent undue prejudice to Forte and stakeholders…………………………………………….2

      B.    Partially lifting the stay is necessary for Forte to determine who all the necessary parties are that need to be put on notice to preserve evidence...……….8

      C.    Forte's proposed discovery requests are sufficiently narrow and particularized, and a prior decision in this district has already determined that nearly identical requests were sufficiently particularized in a similar case…………………………………………………………………………..9

      D.    Speedy hearing and expedited resolution of Forte's Declaratory Judgment Act aim is necessary to provide stockholders with information they are entitled to by law before upcoming annual meeting ……………………....…9

III.  CONCLUSION……………………………………………………………………..10

# **TABLE OF AUTHORITIES**

15 U.S.C. § 78u-4(b)(3)(B) ............................................................................................................. 1

*Angell Inv., L.L.C. v. Purizer Corp.*,
2001 WL 1345996 (N.D. Ill. Oct. 31, 2001) ................................................................................ 10

*Ashford Hosp. Prime Inc. v. Sessa Cap. (Master) LP*,
No. 3:16-CV-00527-N, 2017 WL 2955366, (N.D. Tex. Feb. 17, 2017) ........................................ 3

*Ashford Hosp. Tr., Inc. v. Cygnus Cap., Inc.*,
No. 3:21-CV-00125-M, 2021 WL 3631142 (N.D. Tex. Feb. 18, 2021) ................................. 1, 8, 9

*Gen. Aircraft Corp. v. Lampert*,
556 F.2d 90 (1st Cir. 1977) ............................................................................................................ 7

*Global Intellicom, Inc. v. Thomson Kernaghan & Co.*,
1999 WL 223158 (S.D.N.Y. April 16, 1999) ................................................................................. 6

*In re Cassava Sciences, Inc. Sec. Litig.*,
2023 WL 28436 (W.D. Tex. Jan. 2, 2023) ..................................................................................... 4

*In re Odyssey Healthcare, Inc.*,
2005 WL 1539229 (N.D. Tex. June 10, 2005) .............................................................................. 4

*In re Royal Ahold N.V. Sec. & Erisa Litig.*,
319 F. Supp. 2d 634 (D. Md. 2004) ............................................................................................... 7

*In re Thornburg Mortg., Inc. Sec. Litig.*,
No. CIV 07-0815 JB/WDS, 2010 WL 2977620 (D.N.M. July 1, 2010) ....................................... 3

*In re Vivendi Universal, S.A. Sec. Litig.*,
381 F. Supp. 2d 129 (S.D.N.Y. 2003) ........................................................................................ 4, 6

*In re WorldCom, Inc. Sec. Litig.*,
234 F.Supp. 2d 301 (S.D.N.Y. 2002) ............................................................................................. 6

*SG Cowen Securities Corp. v. U.S. Dist. Court for N. Dist. of CA*,
189 F.3d 909 (9th Cir. 1999) ..................................................................................................... 6,10

*Vacold LLC v. Cerami,* No. 00 CIV. 4024 (AGS),
2001 WL 167704 (S.D.N.Y. Feb. 16, 2001) ................................................................................... 6

*Warner Commc'ns, Inc. v. Murdoch*,
581 F. Supp. 1482 (D. Del. 1984) .................................................................................................. 7

## I. INTRODUCTION

Forte filed Plaintiff's Motion for Relief from PSLRA Discovery Stay and Speedy Hearing on Declaratory Judgment Act Claim on February 14, 2024 ("Motion" or "Mot.").[1] On March 7, 2024, Defendants filed Defendants' Oppostion [sic] to Plaintiff's Motion for Relief from PSLRA Discovery Stay and Speedy Hearing on Declaratory Judgment Act Claim ("Opposition" or "Opp."). Courts are permitted to lift the discovery stay provided by the Private Securities Litigation Reform Act of 1995 ("PSLRA") if "the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence *or* to prevent undue prejudice to that party." *See* 15 U.S.C. § 78u-4(b)(3)(B) (emphasis added). The discovery sought is necessary to accomplish both aims. Forte seeks a partial lifting of the PSLRA discovery stay to conduct limited discovery of documents and communications that demonstrate the relationships between Defendants and an accounting of all short swing profits so the Court can disgorge those profits as required under the strict liability standards pursuant to 15 U.S.C. § 78p(b). Forte and its stockholders will suffer undue prejudice unless the discovery stay is partially lifted because the facts sought by the narrow requests are uniquely within Defendants' knowledge, constitute information to which Forte (and its stockholders) are entitled by law, and are required to determine who all the necessary parties are that need to be put on alert to preserve evidence.

The proposed discovery is sufficiently particularized, narrowly tailored, and not unduly burdensome because each request seeks materials from a limited number of individuals, from a limited time frame, and relating directly to one or more counts in Forte's Amended Complaint.[2]

---

[1] Capitalized terms not otherwise defined herein shall have the same meaning as defined in Forte's Amended Complaint.

[2] *See Ashford Hosp. Tr., Inc. v. Cygnus Cap., Inc.*, No. 3:21-CV-00125-M, 2021 WL 3631142, at *6 (N.D. Tex. Feb. 18, 2021) (allowing Plaintiff to conduct depositions and serve nearly identical limited discovery requests into whether Defendants secretly formed a Section 13(d) group and holding that "[b]ecause each of Plaintiff's Requests relates directly to one or more of the Counts asserted in the Amended Complaint, the Requests are sufficiently particularized despite requesting 'all' documents and communications.").

Finally, a speedy hearing and expedited discovery is warranted because facts concerning the formation and composition of Defendants' Wolfpack are documentary in nature and, once narrow discovery is permitted, will not be subject to factual dispute. Forte's stockholders are entitled to information on Defendants' Wolfpack group before the upcoming stockholder meeting. Only by obtaining the information sought by this discovery can Forte ensure that the Company's stockholders understand the full scope of the Wolfpack in the face of their efforts to raid Forte's cash.

## II.   ARGUMENT & AUTHORITIES

Defendants contend that Forte failed to demonstrate exceptional circumstances to warrant partial lifting of the PSLRA discovery stay, arguing (a) Forte has not demonstrated that lifting the discovery stay is necessary to avoid undue prejudice because Forte cannot obtain discovery to "level the playing field" or litigate more "expeditiously"; (b) Forte has not demonstrated that lifting the stay is necessary to preserve evidence; and (c) the discovery requests are not particularized. Opp. at 7-12. As explained below, Forte and its stockholders will be unduly prejudiced if they are unable to uncover the full extent of the Wolfpack as they prepare in the coming months for their annual meeting, which Delaware law requires to take place no later than October, and, without knowing who all the key players are, Forte is unable to put all required parties on notice to preserve evidence. Finally, the discovery requests are narrow, particularized, and for a limited time frame.

### A. Determining the character and aggregate ownership of Defendants is necessary to understand the full extent of the Wolfpack to prevent undue prejudice to Forte and its stakeholders.

The harm identified by Forte in its Motion is not merely that discovery is delayed and therefore inconvenient. Rather, Defendants' coordinated conduct is causing, and will continue to cause, prejudice and harm to Forte by driving down Forte's stock price and putting stockholders in a vulnerable position. This Court previously stated that "[c]ourts should consider a number of

factors when determining whether discovery is proportional to the needs of the case, including 'the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.'" *Ashford Hosp. Prime Inc. v. Sessa Cap. (Master) LP*, No. 3:16-CV-00527-N, 2017 WL 2955366, at *11 (N.D. Tex. Feb. 17, 2017) (quoting Fed. R. Civ. P. 26(b)(1)). In *Ashford*, even though the Court simultaneously disposed of a motion to dismiss, thereby ending the PSLRA discovery stay, "[t]he Court further f[ound] that the requested information [was] relevant and proportional to the needs of the case ***particularly considering the importance of discovery in resolving the issues at stake in the litigation***, and considering that the benefit of this discovery greatly outweigh[ed] the burden or expense of disclosure." *Id.* at *12. The discovery sought by Forte is similarly necessary to resolve the key factual issue underpinning this suit—whether Defendants formed a group subject to reporting under the securities laws and the true scope and size of this Wolfpack. This discovery is not only "importan[t]" to "resolving the issues at stake in the litigation," it is necessary to do so. *See id.*

Defendants rely on *In re Thornburg* to argue that the fact Defendants have unique knowledge and possession of the relevant facts "cannot serve as the 'exceptional circumstances' required to lift the PSLRA discovery stay." Opp. at 8 (citing *In re Thornburg Mortg., Inc. Sec. Litig.*, No. CIV 07-0815 JB/WDS, 2010 WL 2977620 (D.N.M. July 1, 2010)). But, their use of *In re Thornburg* misses the mark because the plaintiff in *In re Thornburg* requested "(i) documents with which certain individual defendants appear to have absconded; and (ii) documents that the Defendants have turned over to other interested parties that are not involved in this lawsuit." *Id.* at *1. These document requests are not analogous to those Forte has submitted and *In re Thornburg*

also involved a stay related to bankruptcy proceedings, which is not present here.[3] Also, in another case cited in Defendants, *In re Vivendi* the court stated that courts have lifted the PSLRA discovery stay on the ground of "undue prejudice" "when defendants would be unfairly shielded from liability," which is exactly what would happen here given that Defendants are the only ones in possession of the knowledge necessary to determine the full extent and scope of the Wolfpack (information Forte's stockholders are entitled to by law). *See In re Vivendi Universal, S.A. Sec. Litig.*, 381 F. Supp. 2d 129, 130 (S.D.N.Y. 2003).

Defendants also cannot rely upon *In re Odyssey*. In that case, the court denied a motion to lift the PSLRA discovery stay because the plaintiffs "straightforwardly admit that they seek discovery in order to add factual detail to their complaint" and "appear[ed] to assert that any private securities plaintiff is unduly prejudiced when the PSLRA stay prevents discovery of related governmental investigations, because the plaintiff is not privy to information available to other litigants in crafting litigation strategy." *See In re Odyssey Healthcare, Inc.*, 2005 WL 1539229, at *2. That is not the situation in this case. First, Forte has hardly "straightforwardly admit[ted]" that it seeks discovery to add factual detail to its complaint and is not seeking this discovery to help "craft[] litigation strategy." *See id*.[4] Rather, Forte identified exactly why and how it (and its stockholders) will be unduly prejudiced if the discovery stay is not partially lifted. *See* Mot. at 12-13. Specifically, Forte and its stockholders will suffer undue prejudice because the facts sought by

---

[3] Further, Defendants contend "Plaintiff's reliance on cases requiring production of materials previously produced in connection with government investigations and/or related litigation is also misplaced." Opp. at 12. Yet, Defendants now seek to rely on multiple cases dealing with issues revolving around discovery of materials in connection with government investigations and/or related litigation. *See In re Thornburg*, 2010 WL 2977620, at *7 (plaintiff argued it was unduly prejudiced by not having access to information already provided to the SEC, NYSE, or that was produced in relation to a Chapter 11 Bankruptcy case). *See also* Opp. at 7, 14 (citing *In re Vivendi Universal, S.A. Sec. Litig.*, 381 F. Supp. 2d 129, 129-30 (S.D.N.Y. 2003) (involving documents already produced to investigators)), Opp. at 7, 9 (citing *In re Cassava Sciences, Inc. Sec. Litig.*, 2023 WL 28436, at *2 (W.D. Tex. Jan. 2, 2023) (same)), Opp. at 8, 9 (citing *In re Odyssey Healthcare, Inc.*, 2005 WL 1539229, at *2 (N.D. Tex. June 10, 2005) (same)).
[4] As Defendants point out, the matter before this Court is distinguishable because it does not involve materials already gathered and produced in a government investigation. Opp. at 12.

---

the narrow requests are uniquely within Defendants' knowledge, constitute information that Forte (and stockholders) are entitled to by law, and is required to determine the extent of the Wolfpack to be able to put all necessary parties on alert to preserve evidence. From the time Defendants first invested in Forte, they have worked in tandem to publicly and privately push for liquidation without disclosing the existence or full scope of the Wolfpack and have continued its coordinated effort to take down Forte by seeking to raid its cash, depriving Forte's stockholders of all the future value they seek to receive through their investment.

Defendants also contend that Forte seeks discovery solely to add factual detail to its complaint. Opp. at 8-9. Not so. First, Forte's Amended Complaint details numerous facts in support of the inference that Defendants formed a much wider group than disclosed. The federal securities laws require that the full scope and size the group must be disclosed. Defendants failed to comply with those laws.[5] The Amended Complaint alleges more than sufficient facts to allow this Court to plausibly infer that Defendants formed a group within the meaning of Section 13(d) of the Exchange Act, failed to disclose the existence of that group in violations of Sections 13(d) and 14(a), and failed to provide material information—including with respect to the group's very existence, its current status and its future plans and proposals for Forte. This Motion seeks limited discovery to uncover the true composition and scope of the Wolfpack. Forte's stakeholders have a right to this information before the upcoming annual meeting and this information is also necessary to determine all the necessary parties, third party or otherwise, to be put on notice to preserve evidence relevant to this suit. Forte's stockholders need to understand the full scope of opposition the Company is facing because, without knowing how deep the Wolfpack runs and how far-reaching its influence is, those stockholders who are committed to Forte's mission to develop FB-

---

[5] For example, *see* Amended Complaint ¶¶ 75-94, 108-126, 168-173.

102 have no way of knowing what they are truly up against. And the Wolfpack has proven relentless in trying to force Forte to abandon its development of FB-102 and distribute the Company's cash to line the Wolfpack's pockets to the detriment of all other stockholders and the patients who would greatly benefit from the success of Forte's future products.

Defendants also rely upon *SG Cowen Securities Corp.* for their argument that Forte's contention that Defendants will be unlawfully shielded from liability unless Forte is permitted to take limited discovery is not a sufficient reason to warrant lifting the stay. Opp. at 9 (citing *SG Cowen Securities Corp. v. U.S. Dist. Court for N. Dist. of CA*, 189 F.3d 909 (9th Cir. 1999)). However, Defendants either failed to realize, or chose to ignore, that in another case they rely upon in their Opposition, *In re Vivendi*, the court says the exact opposite. *See In re Vivendi Universal.*, 381 F. Supp. 2d at 130 ("Courts in the Southern District have partially lifted the discovery stay on the ground of 'undue prejudice' **when defendants would be unfairly shielded from liability** through pursuit of their pending action or when plaintiffs would be placed at an unfair advantage to make informed decisions about litigation and settlement strategy without access to documents that form the core of the proceeding."). Therefore, according to caselaw cited by Defendants, Forte's contention that discovery should be partially lifted on grounds including that Defendants would be unfairly shielded from liability has bolstered the reasons to warrant lifting the discovery stay.[6] If Forte cannot seek this limited discovery, Defendants will not only be unfairly shielded from liability but also permitted to continue their efforts to overpower Forte's other stakeholders,

---

[6] *See also In re WorldCom, Inc. Sec. Litig.*, 234 F.Supp. 2d 301, 306 (S.D.N.Y. 2002) (noting that plaintiff faced "the very real risk that it [would] be left to pursue its action against defendants who no longer have anything or at least as much to offer" in light of the settlement discussion that was scheduled to begin shortly with the ERISA plaintiffs in another proceeding); *Vacold LLC v. Cerami,* No. 00 CIV. 4024 (AGS), 2001 WL 167704, at *7 (S.D.N.Y. Feb. 16, 2001) (finding no evidence that plaintiff's particularly narrow discovery request was sought to support a claim not alleged in the complaint); *Global Intellicom, Inc. v. Thomson Kernaghan & Co.*, 1999 WL 223158, at *2 (S.D.N.Y. April 16, 1999) (finding that plaintiff had made a showing of "undue prejudice" because the stay might prevent plaintiff from seeking redress for the alleged violations).

including depriving some of their voting rights to pave the way for the Wolfpack to drive their agenda. Without this discovery Forte's stockholders have no way of making informed investment decisions in the face of opposition from an undisclosed Wolfpack that continues to work together to try to force Forte to engage in actions for the sole benefit of the Wolfpack to the detriment of all other stockholders.

Defendants also argue that Forte cannot obtain discovery to litigate more "expeditiously" because delay is inherent in every discovery stay and the 2024 meeting has yet to be scheduled. Opp. at 10-11. First, Defendants are incorrect that seeking to resolve its claims "as expeditiously as possible" is not a valid reason for seeking a partial lift of the PSLRA discovery stay. *See In re Royal Ahold N.V. Sec. & Erisa Litig.*, 319 F. Supp. 2d 634, 635 (D. Md. 2004) (lifting PSLRA discovery stay because plaintiffs have "shown that a delay in the production of the particularized discovery sought here would cause undue prejudice to their ability to litigate ***and, most significantly, resolve as expeditiously as possible their claims*** against the Ahold defendants, including USF") (emphasis added). Further, Defendants argue that Forte's stockholders are on notice of the facts Forte claims are undisclosed because they publicly disclosed Forte's allegations that Defendants acted as a Wolfpack. Opp. at 12. To the contrary, due to Defendants' steadfast determination to conceal the full extent of the Wolfpack, merely disclosing Forte's allegations fails to sufficiently put the stockholders on notice.[7] Forte's stockholders require this information to understand their investment and the true scope of opposition to corporate activity at Forte. That the 2024 meeting has yet to be scheduled does not mean it is not imminent. As Defendants point

---

[7] *Warner Commc'ns, Inc. v. Murdoch*, 581 F. Supp. 1482, 1501 (D. Del. 1984) (holding that "disclos[ure] of adverse claims" alone does not cure disclosure deficiencies under Section 13(d) as "the true facts would often remain obscured and hidden from investors"); *Gen. Aircraft Corp. v. Lampert*, 556 F.2d 90, 96–97 (1st Cir. 1977) ("As the very raison d'etre of Section 13(d) was thwarted by appellants' continued failure to disclose the statutorily required information . . . irreparable injury would occur to shareholders and the investing public if appellants were allowed to continue their activities without correcting and amplifying their Schedule 13D.").

out, "the 2024 shareholder meeting – likely to be scheduled for September (a year after the 2023 meeting)" is upcoming.[8] Opp. at 12. Given that Delaware law requires that the 2024 meeting take place no later than October, preparations for that meeting, including preparation of proxy materials, will likely need to be well underway by June.[9] Even if this Court grants Forte's Motion today and Forte is allowed to move forward with its discovery requests, it could take well over 90 days to serve the discovery requests, receive and review the responses, collect and review the documents responsive to those requests, schedule and conduct multiple depositions, and otherwise complete the requested discovery. Therefore, even in the best case scenario Forte and other stakeholders face an informational disadvantage not allowed under the securities laws at the time they must begin preparing for the 2024 meeting due to Defendants' wrongful concealment of the scope of their stockholder group.

### B. Partially lifting the stay is necessary for Forte to determine who all the necessary parties are that need to be put on notice to preserve evidence.

Defendants contend that Forte's allegations that Defendants failed, or will fail, to comply with their document preservation obligations is baseless. Opp. at 13. However, it is more than a generalized fear of spoliation that drives Forte to seek a partial lift of the PSLRA discovery stay. The discovery sought will illuminate all the necessary parties who must be put on notice of their document preservation obligations. Without knowing who all the players are, Forte has no way of knowing who needs to be put on notice to preserve evidence, creating a real risk of inadvertent, or intentional, destruction or concealment of key evidence. Additionally, the very nature of the issue for which Forte seeks discovery involves Defendants' deception and steadfast determination to

---

[8] *See Ashford*, 2021 WL 3631142, at *5 (holding "that discovery should be allowed in order to prevent undue prejudice to Plaintiff" given that Plaintiff's annual stockholder meeting was coming up and therefore "Plaintiff will be unduly prejudiced if expedited discovery is not allowed.").
[9] *See* "Annual Meeting of Shareholders," Perkins Coie (discussing how preparations for annual meeting begin three to four months prior to the annual meeting), available at https://www.perkinscoie.com/en/pch-chapter-8.html

conceal the scope of the Wolfpack's reach. Therefore, narrow, particularized, expedited discovery is required to both prevent undue prejudice to Forte and preserve evidence that is at a high risk of being lost or destroyed.

### C. Forte's proposed discovery requests are sufficiently narrow and particularized, and a prior decision in this district has already determined that nearly identical requests were sufficiently particularized in a similar case.

Forte's proposed discovery is sufficiently particularized because it is narrowly tailored, not unduly burdensome, and each request seeks materials from a limited number of individuals, from a limited time period, and relating directly to one or more counts in Forte's Amended Complaint. This Court already evaluated nearly identical discovery requests in *Ashford*, and concluded "[t]he Court is also not persuaded by the Cygnus Defendants and ThornTree's argument that certain Requests are not particularized because they seek 'all' documents and communications… Because each of Plaintiff's Requests relates directly to one or more of the Counts asserted in the Amended Complaint, the Requests are sufficiently particularized despite requesting 'all' documents and communications." *Ashford*, 2021 WL 3631142, at *6.

### D. Speedy hearing and expedited resolution of Forte's Declaratory Judgment Act Claim is necessary to provide stockholders with information they are entitled to by law before the upcoming annual meeting.

Finally, Forte's Declaratory Judgment Act ("DJA") claim is not duplicative of its Section 13(d) claim because Forte's Section 13(d) and Section 14 claims are backwards-looking, seeking money damages and declaratory relief for harm caused by Defendants' past failure to disclose that they were acting as a group and failure to comply with the rules governing such groups. Specifically, Forte's Section 13(d) claims seek declaratory and injunctive relief for Defendants' failure to file a Schedule 13D disclosing their coordination as a group, and that failure irreparably injured Forte and its stockholders in the past by depriving them of information to which they were lawfully entitled. Amended Complaint at ¶¶ 185-207. Forte's DJA claim is distinct because it is

not only about the existence of the Wolfpack, but it also seeks a declaration as to the full scope and membership of the Wolfpack so that other stakeholders can understand the full scope of opposition they face in the very near future.

Defendants argue that "[c]ourts have rejected similar attempts at artful pleading by securities plaintiffs." Opp. at 17. However, the opinions Defendants rely on are inapposite because they involve plaintiffs seeking discovery on related state-law claims in a federal action. Forte does not request discovery for its state-law tortious interference claim so it is not attempting to "circumvent the stay simply by asserting pendent state law claims…in conjunction with their federal law claims." Opp. at 17 (citing *SG Cowen*, 189 F.3d at 913 n.1; *Angell Inv., L.L.C. v. Purizer Corp.*, 2001 WL 1345996, at *2 (N.D. Ill. Oct. 31, 2001)). As such, these cases address entirely unrelated issues and Defendants' argument is unavailing. Expedited resolution of Forte's DJA claim is appropriate because it will turn "on undisputed or relatively undisputed facts" upon Plaintiff's ability to conduct the limited discovery it seeks in this motion. *See* Fed. R. Civ. P. 57, advisory committee notes, 1937 adoption. The facts concerning the composition of a group are documentary in nature and will reveal themselves conclusively upon discovery of the information requested. Therefore, Forte respectfully requests the Court to order an expedited hearing on Forte's declaratory judgment act claim pursuant to Federal Rule of Civil Procedure 57.

### III.  CONCLUSION

Forte respectfully reiterates its request that the Court lift the PSLRA discovery stay with respect to limited, narrow discovery related to its Declaratory Judgment Act claim brought under 28 U.S.C. § 2201 and recovery of short swing profits pursuant to 15 U.S.C. § 78p(b) and allow Forte to serve nine (9) requests for production on Defendants and take 5 depositions. Forte also asks the Court to order an expedited hearing on Forte's Declaratory Judgment Act claim brought under 28 U.S.C. § 2201 pursuant to Federal Rule of Civil Procedure 57.

| | |
|---|---|
| Dated: March 21, 2024 | /s/ *Michael W. Stockham* <br> Stephen C. Rasch <br> stephen.rasch@hklaw.com <br> Texas State Bar No. 16551420 <br> Michael W. Stockham <br> michael.stockham@hklaw.com <br> Texas State Bar No. 24038074 <br> **HOLLAND & KNIGHT LLP** <br> One Arts Plaza <br> 1722 Routh Street Suite 1500 <br> Dallas, TX 75201 <br> Telephone: (212) 969-1700 <br> <br> **ATTORNEYS FOR PLAINTIFF** <br> **FORTE BIOSCIENCES, INC.** |

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on March 21, 2024.

/s/ *Michael W. Stockham*