IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FORTE BIOSCIENCES, INC., § <br> § <br> Plaintiff § <br> § <br> v. § <br> § <br> CAMAC FUND, LP, *et al.*, § <br> § <br> Defendants. § | Civil Action No. 3:23-CV-2399-N |

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendants'[1] motion to dismiss [27]. Because Plaintiff Forte Biosciences, Inc. ("Forte") asserts nonexistent causes of action, moot claims, or lacks standing, the Court grants the motion.[2]

### I. BACKGROUND

This lawsuit arises out of a battle for control of Forte. Forte is a public company engaged in drug development. After its flagship product got unfavorable clinical results, Forte abandoned it and announced a pivot to a new, untested product. Its stock price dropped precipitously. Some entities saw this pivot as unwise and attempted to nominate outside directors for Forte. In response, Forte issued new shares of its stock to friendly

---

[1] Defendants are: Camac Fund, LP, Camac Partners, LLC, Camac Capital, LLC, Eric Shahinian, Michael G. Hacke, Chris McIntyre, McIntyre Partnerships, LP, McIntyre Capital GP, LLC, McIntyre Capital Management, LP, McIntyre Capital Management GP, LLC, ATG Fund II LLC, ATG Capital Management, LLC, Gabriel Gliksberg, Funicular Funds, LP, The Funicular Fund, LP, Cable Car Capital LLC, Jacob Ma-Weaver, BML Investment Partners, LP, BML Capital Management, LLC, and Braden Leonard.
[2] In view of this ruling, the Court denies Forte's motion for relief from stay [23] as moot.

ORDER – PAGE 1

parties. In September 2023, at its annual shareholders meeting, the insurgent director candidates lost to incumbent directors due to the newly issued stock voting for the incumbents. Those corporate maneuverings are the subject of litigation pending in Delaware Chancery Court.

Forte then filed this action against Defendants under the federal securities laws. Defendants moved to dismiss and Forte then filed an amended complaint. Defendants in response filed a second motion to dismiss. Forte's live pleading asserts the following causes of action: violations of the Exchange Act section 14(a), 15 U.S.C. § 78n(a) and SEC Rule 14a-9 (misleading proxy statements, count one); section 13(d), 15 U.S.C. § 78m(d) (failure to disclose a "group," counts two and three); section 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78p(b) (short swing profits, count four), declaratory judgment regarding a section 13(d) "group" under 28 U.S.C. § 2201 (count five) and state tortious interference with prospective business relations (count six).[3] Defendants move to dismiss all of Forte's claims.

## II. SECTION 14(A)

Section 14(a)(1) provides in part:

> It shall be unlawful for any person, by the use of the mails or by any means or instrumentality of interstate commerce or of any facility of a national securities exchange or otherwise, in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors, to solicit or to permit the use of his name to solicit any proxy or consent or authorization in respect of any security (other than an exempted security) registered pursuant to section 78*l* of this title.

---

[3] Not all claims are asserted against all defendants.

15 U.S.C. § 78n(a)(1).  Likewise SEC Rule 14a-9 provides:

> No solicitation subject to this regulation shall be made by means of any proxy statement, form of proxy, notice of meeting or other communication, written or oral, containing any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading or necessary to correct any statement in any earlier communication with respect to the solicitation of a proxy for the same meeting or subject matter which has become false or misleading.

17 C.F.R. § 240.14a-9(a).

The Supreme Court has recognized a private right of action for shareholders under section 14(a).  *J.I. Case Co. v. Borak*, 377 U.S. 426, 430-34 (1964).[4]  "The purpose of § 14(a) is to prevent management or others from obtaining authorization for corporate action by means of deceptive or inadequate disclosure in proxy solicitation."  *Id.* at 431.  The Court noted legislative history showing the purpose was to control abuses that "frustrated the free exercise of the voting rights of stockholders."  *Id.* (quoting H.R. Rep. No. 1383, 73d Cong., 2d Sess., at 14).

In *7547 Corp. v. Parker & Parsley Dev. Partners, L.P.*, the Fifth Circuit applied the reasoning of *Borak* to deny a private right of action to nonvoting shareholders: "We view section 14(a) as protecting only interest-holders with voting rights. . . . [W]e believe that it goes too far to allow persons not even entitled to vote to assert a claim under that provision."  38 F.3d 211, 229-30 (5th Cir. 1994) (citations omitted).

---

[4] *Borak* has since been subject to criticism.  *See, e.g.*, *Ziglar v. Abbasi*, 582 U.S. 120, 121 (2017).  Query whether the current Court would reach the same result.

ORDER – PAGE 3

In *Ashford Hosp. Prime Inc. v. Sessa Cap. (Master) LP*, this Court expressly extended *7547 Corp.* to an issuer of securities: "Because the Court views section 14(a) as protecting those with voting rights, [the issuer] lacks standing to bring a section 14(a) claim." 2017 WL 2955366, at *9 (N.D. Tex. 2017) (Godbey, J.). *Accord Tenet Healthcare Corp. v. Community Health Sys. Inc.*, 839 F. Supp. 2d 869, 871-72 (N.D. Tex. 2012). Accordingly, the Court dismisses Forte's section 14(a) claim for lack of standing.

### III. SECTION 13(D)

Section 13(d) requires that any person who acquires more than 5% beneficial ownership of a public company must file a Schedule 13D with the SEC disclosing certain information, including the existence of any "group" acting together.[5]

Initially, Defendants argue that Forte has no standing to assert a section 13(d) claim, citing case law holding there is no cause of action for damages for an issuer under section 13(d). But Forte does not assert a claim for damages – rather it seeks declaratory and injunctive relief for the alleged violation of section 13(d). *See* Amd. Compl. ¶¶ 196, 207 [21]. Accordingly, the Court rejects Defendants' standing argument.[6]

---

[5] Forte divides its claims relating to section 13(d) and Schedule 13D into two causes of action. *See* Amd. Compl. ¶¶ 185-96 (failure to file Schedule 13D); *id.* ¶¶ 197-207 (filing of false and misleading Schedule 13Ds). The Court's analysis applies equally to both.

[6] To the extent Forte's amended complaint actually seeks money damages, the Court agrees that Forte has no standing for a claim for money damages. *See Ashford Hospitality*, 2017 WL 2955366, at *8 ("Money damages are unavailable [to an issuer] under § 13(d).") (citing *Motient Corp. v. Dondero*, 529 F.3d 532, 536 (5th Cir. 2008)). *Compare* Plaintiff's Response at 23 [31] ("Forte's Section 13 claims are backwards-looking, seeking money damages . . . .") *with* Amd. Compl.¶¶ 185-207 (no mention of money damages).

Defendants also argue that the section 13(d) claims are moot. After Forte filed this action, Defendants filed amended Schedule 13D disclosures with Forte's complaint attached. Forte argues that is not enough since Defendants continue to contest that they formed a group, citing *Warner Comm., Inc. v. Murdoch*, 581 F. Supp. 1482, 1501 (D. Del. 1984).

The Court agrees with Defendants that *Warner* is an outlier and that disclosing Forte's contentions while continuing to dispute them is sufficient disclosure.

> To the extent that this portion of *Warner Communications* suggests that where there exists a good faith dispute as to facts or an alleged legal violation, the Williams Act requires more than disclosure of the dispute, it is inconsistent with the weight of authority discussed above and will not be followed by this Court in this case. Consistent with the authority cited above, this Court does not believe that a tender offeror should be placed in a position of being forced to either admit liability which it disputes, or violate the securities law by failing to disclose the alleged, disputed violation.

*Taro Pharm. Indus., Ltd. v. Sun Pharm. Indus., Ltd.*, 2010 WL 2835548, at *16 (S.D.N.Y. July 13, 2010). *Accord Tax-Free Fixed Income Fund for Puerto Rico Residents, Inc. v. Ocean Cap. LLC*, 2023 WL 5835786, at *9 (D.P.R. Aug. 10, 2023); *Nano Dimension Ltd. v. Murchison Ltd.*, 681 F. Supp. 3d 168, 185-87 (S.D.N.Y. 2023); *Land & Bldgs. Inv. Mgmt., LLC v. Taubman Centers, Inc.*, 2017 WL 3499900, at *3 (E.D. Mich. Aug. 16, 2017); *Lions Gate Ent. Corp. v. Icahn*, 2011 WL 1217245, at *1 (S.D.N.Y. Mar. 30, 2011); *Forgent Networks, Inc. v. Sandberg*, 2009 WL 2927015, at *2 (W.D. Tex. Aug. 27, 2009); *Weeden v. Cont'l Health Affiliates, Inc.*, 713 F. Supp. 396, 399-400 (N.D. Ga. 1989); *Cendec Corp. v. Farley*, 573 F. Supp. 1382, 1384-88 (S.D.N.Y. 1983); *Avnet, Inc. v. Scope Indus.*, 499 F. Supp. 1121, 1124-26 (S.D.N.Y. 1980).

The Court will follow this weight of authority and dismisses Forte's section 13(d) claims as moot.

### IV. SECTION 16(B)

Section 16(b) of the 1934 Act provides for disgorgement of short-swing profits from trades by statutory "insiders."  15 U.S.C. § 78p(b).  The Supreme Court has held that for a plaintiff to have Article III standing to pursue a statutory violation the plaintiff must have incurred an actual injury arising from the violations.  *TransUnion LLC v. Ramirez*, 594 U.S. 413, 434-35 (2021).  This general proposition applies in the section 16(b) context.  *See Packer on behalf of 1-800-Flowers.com, Inc. v. Raging Capital Mgmt, LLC*, 661 F. Supp. 3d 3, 9-18 (E.D.N.Y. 2023) (granting motion to dismiss section 16(b) claim where plaintiff failed to allege injury from the statutory violation, citing *TransUnion*).  Forte does not plead any injury to itself from the alleged section 16(b) violation.  Accordingly, the Court dismisses Forte's section 16(b) claim for lack of standing.[7]

### V. DECLARATORY JUDGMENT

In its fifth cause of action, Forte seeks declaratory judgment that Defendants formed a group under the securities laws and improperly failed to disclose it.  *See* Amd. Compl. ¶¶ 214-20.  This is substantially duplicative of Forte's section 13(d) claims.  Forte argues that there are differences between the two claims, but still, both request declaratory judgment that Defendants formed a group under the securities laws.  Accordingly, the Court dismisses Forte's standalone declaratory judgment claim as duplicative of its section 13(d)

---

[7] Forte's response that section 16(b) provides for strict liability is a non sequitur.  The issue is not the standard for liability, it is constitutional standing.

ORDER – PAGE 6

claims. *See Amerisure Ins. Co. v. Thermacor Process, Inc.*, 2021 WL 1056435, at *6-7 (N.D. Tex. 2021).

## VI. Tortious Interference

Forte also alleges a pendant state law claim for tortious interference. *See* Amd. Compl. ¶¶ 221-27. The only basis Forte alleges for this Court's subject matter jurisdiction is federal question. *See id.* ¶ 56 (citing 28 U.S.C. § 1331) Thus the interference claim is before the Court under its supplemental jurisdiction. 28 U.S.C. § 1367(a). "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances . . . ." *Id.* § 1367(c). "The general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial . . . ." *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009).[8] Accordingly, the Court declines to exercise jurisdiction over Forte's interference claim, and that claim is dismissed without prejudice.

## Conclusion

Forte has already amended its pleading once in response to Defendants' first motion to dismiss. In its response to Defendants' second motion to dismiss, Forte does not request further leave to amend if the Court grants Defendants' motion. Accordingly, the Court

---

[8] *Brookshire* also cites "judicial economy, convenience, fairness, and comity." 554 F.3d at 602. The Court has considered those factors as well and they do not alter the result. In particular this Court has not "invest[ed] a significant amount of judicial resources in the litigation . . . ." *Id.*

ORDER – PAGE 7

dismisses Forte's securities law and declaratory judgment claims (counts one through five) with prejudice and dismisses Forte's interference claim (count six) without prejudice.

Signed June 11, 2024.

_____
David C. Godbey
Chief District Judge